IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Candace Arbogast, ) | C/A No. 0:15-2073-TMC-PJG |
|             Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
|             Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Candace Arbogast, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**ADMINISTRATIVE PROCEEDINGS**

In September 2012, Arbogast applied for DIB, alleging disability beginning August 1, 1993. Arbogast's application was denied initially and upon reconsideration, and she requested a hearing

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



before an ALJ. A hearing was held on July 17, 2014, at which Arbogast, who was represented by Sydney J. Lynn, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on September 19, 2014 finding that Arbogast was not disabled. (Tr. 24-32.)

Arbogast was born in 1974 and was thirty-eight years old on September 28, 2012—her alleged disability onset date. (Tr. 31.) She has a high-school education and completed basic training with the United States Air Force. (Tr. 306.) Arbogast has past relevant work experience as a medical assistant. (Id.) Arbogast alleged disability due to migraines, depression, anxiety, post-traumatic stress disorder, and endometriosis status post residuals of a hysterectomy. (Tr. 305.)

In applying the five-step sequential process, the ALJ found that Arbogast had not engaged in substantial gainful activity since September 28, 2012—her alleged onset date. The ALJ also determined that Arbogast's migraine headaches, major depressive disorder, and substance abuse were severe impairments. However, the ALJ found that Arbogast did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Arbogast retained the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: should avoid ladders, ropes, scaffolds, fumes, dust, chemicals, noxious odors, poor ventilation, and hazards; and can perform only simple, routine, repetitive tasks with only occasional interaction with the general public.

(Tr. 28.) The ALJ found that Arbogast was unable to perform any past relevant work, but that considering Arbogast's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Arbogast could perform.

Therefore, the ALJ found that Arbogast was not disabled from September 28, 2012 through the date of her decision.

Arbogast submitted additional evidence to the Appeals Council, which denied her request for review on April 20, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Arbogast raises the following issues for this judicial review:

I.     The ALJ failed to properly assess the VA disability rating evidence[.]



II.      The ALJ did not explain [her] findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling SSR 96-8p.[]

(Pl.'s Br., ECF No. 14.)

## DISCUSSION

Arbogast first argues that the ALJ erred in failing to afford substantial weight to the disability rating of the Department of Veterans Affairs, citing Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012). Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the Social Security Administration must afford to a Department of Veterans Affairs ("VA") disability rating. Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343.

Here, the ALJ stated that she

> considered the fact that the claimant is currently receiving Veteran's Administration (VA) benefits due to her major depressive disorder. The undersigned finds that the receipt of such benefits provides some insight into the severity of the claimant's impairments and how they affect her ability to function. However, the undersigned is not bound by any disability determination of another agency, due to the fact that the other agency's finding is not based upon Social Security rules and regulations. (20 CFR §§ 404.1504 and 416.904). In addition, the undersigned notes that the VA gave the claimant no specific functional limitations and indicated that the claimant's disability was not permanent in September of 2012. (Exhibit 22F). As a result, the undersigned gives the VA determination little weight.

(Tr. 30.) The opinion at issue indicates that in September 2012, the VA issued a rating decision for Arbogast denying her service connection for post-traumatic stress disorder, but assigning "a 100 percent evaluation for [Arbogast's] major depressive disorder with anxiety disorder, not otherwise



specified." (Tr. 223.) The decision stated it was based on intermittent inability to perform activities of daily living and maintenance of minimal personal hygiene; memory loss for names of close relatives, own name, and own occupation; "[o]ccupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood"; impaired impulse control; unprovoked irritability with periods of violence; "[d]ifficulty in establishing and maintaining effective work and social relationships"; disturbances of motivation and mood; "impaired judgment; anxiety; chronic sleep impairment; and depressed mood. (Tr. 223-24.) The decision also indicated that Arbogast's Global Assessment of Functioning ("GAF") was 51.[2] However, the VA decision also states, "[s]ince there is a likelihood of improvement, the assigned evaluation is not considered permanent and is subject to a future review examination. Please note that as you have been assigned a schedular 100 percent evaluation, a decision on individual unemployability entitlement is considered moot." (Tr. 215.)

Arbogast argues that the ALJ dismissed the VA's decision for the same reason that was rejected by Bird, and the ALJ failed to cite to evidence that clearly demonstrates giving less than substantial weight to the decision is appropriate. Upon careful review of the record and the parties' briefs, the court is constrained to recommend that this matter be remanded for further consideration

---

[2] With regard to GAF scores, the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, fourth edition ("DSM-IV"), contains a numeric scale (0 through 100) used to rate the severity of psychological symptoms and/or social, occupational, or school functioning. A GAF score may reflect the severity of symptoms or impairment in functioning at the time of the evaluation. Id. at 32-33. According to the DSM-IV, a GAF score between 51 and 60 may reflect "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers and co-workers)." Id. at 34. Importantly, a "[p]laintiff's GAF score is only a snapshot in time, and not indicative of [her] long term level of functioning." Parker v. Astrue, 664 F. Supp. 2d 544, 557 (D.S.C. 2009). Further, the court notes that the fifth edition of the DSM, published in 2013, has discontinued use of the GAF. American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, 16 (5th ed. 2013) ("DSM-V").



of the VA disability determination. The court is unable to determine based on the limited reasons and discussion offered by the ALJ whether the ALJ's finding that the VA determination was entitled to little weight is supported by substantial evidence.

Although in this case, unlike Bird, the ALJ specifically found "that the VA gave the claimant no specific functional limitations and indicated that the claimant's disability was not permanent in September of 2012" (Tr. 30), Arbogast challenges the support for these findings and appears to argue that they are insufficient to clearly demonstrate that the determination is not entitled to substantial weight. Specifically, Arbogast first argues that although the VA decision stated that her disability was not permanent, the ALJ acknowledged at the time of the ALJ's decision—which was two years after the VA decision—Arbogast was continuing to receive VA disability benefits; therefore, Arbogast argues that she would meet the requirement of establishing disability for at least one year. The ALJ does not address this possibility. Arbogast also argues that the VA decision in fact did contain functional limitations pointing out by example that the decision itself stated it was based on intermittent inability to perform activities of daily living and maintenance of minimal personal hygiene and "[o]ccupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood." (Tr. 223.) In response, the Commissioner first argues that "reading of the decision on the whole, it is clear that the ALJ found that record showed Plaintiff's complaints to be exaggerated." (Def.'s Br. at 16, ECF No. 16 at 16.) While the court agrees with this statement, the court finds that it is insufficient to demonstrate that the record clearly shows that the VA determination was entitled to little weight. The Commissioner also summarily notes that contrary to Arbogast's assertions, the VA decision failed to identify the extent, duration, or persistence of any of the symptoms listed as support for the determination. However, the court finds that the evidence is not as clear as the Commissioner seems to argue, and without



further analysis by the ALJ, the court is simply unable to determine whether the ALJ's conclusions are supported by substantial evidence.[3]

Here, the ALJ gave only two reasons beyond what the Bird Court found insufficient for failing to give a VA determination substantial weight. Based on the record, the court cannot say that either of those reasons is supported by substantial evidence. Accordingly, remand is warranted.

The court finds that consideration of the VA disability rating may render the remainder of Arbogast's issues moot on remand. Thus, the court need not address these remaining issues. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Nonetheless, while Arbogast may present her remaining arguments concerning the ALJ's alleged errors on remand if necessary, the court notes that the ALJ's appears to have erred in finding that Arbogast's post-traumatic stress disorder is not a medically determinable impairment as the Commissioner's response does not directly address whether such a finding was in error and instead focuses on whether any alleged error was harmless. Thus, on remand the ALJ should further consider this alleged impairment.

Finally, although Arbogast requests that this matter be remanded for an award of benefits, the court finds that Arbogast's entitlement to benefits is not wholly established and that this matter should be remanded for further consideration and assessment of the above discussed evidence by the

---

[3] The Commissioner further notes that since the disability determination was a schedular rating with no individual unemployability determination, the determination was not based on Arbogast's "individual particular functional abilities or employability, but was based on the 'average impairment in earning capacity caused by a disability.'" (Def.'s Br. at 16 n.4, ECF No. 16 at 16 n.4) (quoting Rice v. Shinseki, 22 Vet. App. 447, 452 (2009)). However, the court finds that this argument should be addressed in the first instance by the ALJ on remand. Moreover, the court expresses no opinion as to whether further consideration of the VA determination by the ALJ will necessarily lead to a finding that it is entitled to substantial weight. Further analysis and discussion may well not change the ALJ's conclusion on this point.



ALJ in the first instance. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

July 5, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).